IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARYLAND MEDICAL  *
REHABILITATION, INC., et al.
                                *
        Plaintiffs
                                *
   vs.                              CIVIL ACTION NO. MJG-02-2917
                                *
UNITED STATES POSTAL SERVICE,
et al.                          *
        Defendants
*     *     *     *     *     *     *     *     *

MEMORANDUM AND ORDER

The Court has before it the Motion to Dismiss filed by Defendant Erwin I. Greenberg Commercial Corp. ("GCC") and the materials submitted by the parties related thereto. The Court finds a hearing unnecessary to resolve this motion.

I.  BACKGROUND[1]

In 2001, the United States Postal Service ("USPS") wished to sell approximately one-half acre of real property, including a one story building (approximately 6,000 square feet) at 9113 Liberty Road in Randallstown, Maryland ("the Property").

---

[1] The "facts" are stated as alleged by Plaintiffs.

Plaintiff Maryland Medical Rehabilitation, P.C. ("MMR") is a Maryland corporation presumably[2] engaged in some type of health related activity. Plaintiff Kenneth Brown ("Brown") is the Chief Financial Officer of MMR. Plaintiff Dr. Doriscine Colley ("Colley") presumably has some connection[3] with MMR.

At some time, presumably in 2001, MMR received a notice that the Property was for sale for $427,900 with David L. Goldbloom ("Goldbloom") of GCC listed as the contact person. The notice expressly referred to 38 parking spaces. Colley and Brown presumably contacted Goldbloom and, in early August of 2001, walked through the Property with Goldbloom. During and after the walk through, Goldbloom assured Colley and Brown that the Property included 38 parking spaces.

On August 13, 2001, MMR (by Brown) submitted a signed USPS form contract to purchase the Property for $375,000 ("the Contract"). On that same date, the Contract was signed by a Contracting Officer for USPS, and MMR[4] paid a $17,500 deposit to

---

[2] The nature of MMR's activities is not specified in the Complaint other than as "medical and rehabilitation."

[3] Not specified in the Complaint.

[4] The Complaint refers to "Plaintiffs" as paying this deposit, but MMR and USPS were the contracting parties.

GCC as Escrow Agent to hold in an interest bearing escrow account.  GCC was to provide the contracting parties with all information regarding the escrow account.  GCC was to either:

    (a)  Apply the deposit toward the purchase price at closing;

    (b)  Return the deposit to MMR if the Contract was terminated for certain specific causes; or

    (c)  At seller's option, forward the deposit to USPS if MMR breached the agreement.

Contract, ¶ 2.

On or about November 19, 2001, Brown (for MMR) was informed that Baltimore County regulations required that the Property have at least 27 parking spaces for its intended use.  Also, on or about November 19, 2001, Plaintiffs ordered an independent appraisal that stated that there were less than 20 parking spaces on the Property.

Presumably thereafter, Defendants USPS and GCC engaged Defendant Philip P. Lamb & Co., Inc. ("Lamb") to perform an independent appraisal.  Lamb did so and reported that the Property included 38 parking spaces.

3

Thereafter[5], Goldbloom informed Plaintiffs that USPS had, in fact, leased other property to meet Baltimore County's parking space requirements.

On November 26, 2001, GCC submitted to Plaintiffs an addendum (not described in the Complaint) and a deed to the Property for signature by Plaintiffs. Plaintiffs did not sign the deed and have been unable to obtain either proof that the Property included 38 parking spaces pursuant to Baltimore County regulations or a return of the deposit.

In July of 2002, Plaintiffs filed the instant lawsuit[6] asserting the following claims:

| Count | Title |
|-------|-------|
| I | Breach of Contract |
| II | Specific Performance |
| III | Unjust Enrichment |
| IV | Intentional Misrepresentation - Damages |
| V | Fraud (Intentional Misrepresentation) - Recission |
| VI | Intentional Misrepresentation - Concealment or Non-Disclosure |

---

[5]  The date is not specified.

[6]  The case was filed in the Circuit Court for Baltimore County, Maryland and removed to federal court by USPS.

4

II. **LEGAL STANDARD**

The Court must deny a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure unless it "appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45 - 46 (1957). "The question is whether in the light most favorable to the Plaintiff, and with every doubt resolved in his behalf, the Complaint states any valid claim for relief." 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 at 336 (2d ed. 1987). The Court, when deciding a motion to dismiss, must consider the well-pled allegations in a complaint as true and must construe those allegations in favor of the Plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969). The Court must further disregard the contrary allegations of the opposing party. A.S. Abell Co. v. Chell, 412 F.2d 712, 715 (4th Cir. 1969).

III. **DISCUSSION**

A. Counts I and II (Contract)

Plaintiffs do not suggest any theory on which GCC, agent for a disclosed principal (USPS), could be held liable on a contract

5

theory.  Accordingly, all claims against GCC in Counts I and II are dismissed.

### B.  Count III (Unjust Enrichment)

To prevail on a claim for unjust enrichment under Maryland law, the Plaintiffs must show:

1. A benefit conferred upon the defendant by the plaintiff;

2. An appreciation or knowledge by the defendant of the benefit; and

3. The acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value.

GCC argues that it did not receive the $17,500 deposit and, therefore, had no benefit from the payment by Plaintiff.  While GCC is quite possibly correct since the Contract does not provide for the Escrow Agent to retain the deposit, the current record consists solely of the Complaint which leaves open the possibility that GCC did not pay the deposit to USPS and retained it.

Accordingly, dismissal must be denied.  Nevertheless, as to Count III, GCC would be entitled to summary judgment unless

(after opportunity for discovery) Plaintiffs can present proof that GCC did not pay the deposit to USPS.

C. <u>Counts IV, V, and VI (Intentional Misrepresentation)</u>

To recover on a claim for intentional misrepresentation, a plaintiff must establish that:

1. The defendant made a false representation to the plaintiff;

2. The defendant knew that the representation was false, or the representation was made with such reckless disregard for the truth that knowledge of the falsity of the statement can be imputed to the defendant;

3. The defendant made the false representation for the purpose of defrauding the plaintiff;

4. The plaintiff relied with justification upon the misrepresentation; and

5. The plaintiff suffered damages as a direct result of the reliance upon the misrepresentation.

<u>Alleco v. The Harry and Jeanette Weinberg Foundation</u>, 340 Md. 176, 665 A.2d 1038 (1995).

GCC presents a possibly valid defense based upon its position that Plaintiffs had no right to rely upon the alleged misrepresentation of the number of parking spaces. However, in the present context, a claim can be dismissed only if the Court

can conclude, without doubt, that Plaintiffs can present no possible set of facts adequate to support the claim.

Based solely on the "facts" asserted in the Complaint, the Court cannot conclude that Plaintiffs cannot possibly establish that their reliance on GCC's statements was justified. Compare Gross v. Sussex, 630 A.2d 1156, 1167 (Md. 1993). (Summary judgment denied even though real estate purchases could have verified a representation that building permits had been issued).

The Court must deny dismissal of the claims against GCC in Counts IV, V[7] and VI.

### D. Plaintiffs Brown and Colley

Although GCC doesn't raise the issue, the Court must note the possibility that Brown and Colley may not have standing as Plaintiffs. It appears from the Complaint that MMR was the only contracting party and that whatever relevant was done by Brown and Colley was done as agents for MMR. The Court shall give Plaintiffs the opportunity to address this matter.

---

[7] Of course, to the extent that Count V seeks contract recission, GCC could not be liable since it was not a contracting party.

IV. CONCLUSION

For the foregoing reasons:

1. The Motion to Dismiss filed by Defendant Erwin I. Greenberg commercial Corporation is GRANTED IN PART AND DENIED IN PART.

2. All claims against Defendant GCC in Counts I, II, and III are DISMISSED.

3. The claim against Defendant GCC in Counts IV, V, and VI remain pending.

4. Defendant GCC shall Answer Counts IV, V, and VI by January 24, 2003.

5. By January 24, 2003, Plaintiffs shall show cause why all claims by Plaintiffs Brown and Colley should not be dismissed.

SO ORDERED this 6th day of January, 2003.

*/s/ Marvin J. Garbis*
Marvin J. Garbis
United States District Judge